UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO JONES,

                Plaintiff,                CIVIL ACTION NO. 05-CV-73912-DT

        vs.                     DISTRICT JUDGE DENISE PAGE HOOD
                                       MAGISTRATE JUDGE DONALD A. SCHEER

TERRY SANDERS,
DWIGHT RANCK,
KENDALL SNOW, and
SHERRY BURT,

                Defendants,

_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendants' Motion for Summary Judgment in this prisoner civil

rights case should be GRANTED, as Plaintiff has failed to establish any violations of his

federally secured constitutional rights.

\*    \*    \*

       Plaintiff, while a state prisoner at the St. Louis Correctional Facility (SLF), in St.

Louis, Michigan[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on October

12, 2005, against the above named Defendants, who are employed by the Michigan

Department of Corrections (MDOC). Plaintiff alleged that, while he was incarcerated at

the Southern Michigan Correctional Facility (JMF) in May 2004, he was subjected to

conditions of confinement that constituted cruel and unusual punishment in violation of

Eighth Amendment guarantees.  Specifically, Plaintiff maintained that he was required

_____

      [1]Plaintiff is still incarcerated at SLF.

to work beyond his physical capabilities when he was given a housing unit porter job by JMF prison officials. During the three week assignment, Plaintiff claimed that he suffered a back injury and was subjected to intentional infliction of emotional distress. Claiming violations of his federal constitutional rights, Plaintiff sought compensatory and punitive damages.

Defendants filed a Motion for Summary Judgment, on July 21, 2006, based upon a failure to state a claim upon which relief may be granted. Defendants argued, through counsel, that Plaintiff did not suffer an actual injury as a result of working as a housing porter.  In attached affidavits, Defendants maintained that they had not acted with deliberate indifference that exposed Plaintiff to a sufficiently substantial risk of harm when they assigned him the job as a housing unit porter.

SUPERVISORY RESPONSIBILITY

To state a claim for monetary damages under § 1983, a claimant must aver some specific, personal wrongdoing on the part of the individual defendant.  Theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976).  In addition, it is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause.  Whitley v. Albers, 475 U.S. 312, 319 (1986).

Warden Burt was apparently sued because of her position of authority and supervisory responsibilities within JMF prison.  However, the mere fact that a supervisory person is in a position of authority does not allow imposition of liability against him or her.  A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the

specific incident of misconduct or in some other way directly participated in it." <u>Poe v.</u>
<u>Hayden</u>, 853 F.2d 418, 429 (6th Cir. 1988). To the extent Plaintiff complains about a
failure to respond to his grievances, the general rule is that a combination of knowledge
of a prisoner's grievances and failure to respond to or remedy the complaints is
insufficient to impose liability upon supervisory personnel under § 1983. <u>Id</u>.

Defendant Burt was merely part of the JMF administration during the relevant
time, and there is no evidence that any "policy" personally promulgated by her had
anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that
Defendant Burt had "actual knowledge of a breakdown in the proper workings of the
department."  See <u>Hill v. Marshall</u>, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a
showing that she was personally or directly involved, Defendant Burt should not be held
liable.  Accordingly, the claim against her should be dismissed regardless of the
constitutional sufficiency of Plaintiff's actual treatment.

<u>DELIBERATE INDIFFERENCE CLAIM</u>

For a claim based upon a violation of the Eighth Amendment to survive a motion
for summary disposition, the Plaintiff must claim that the conditions deprived him of the
"minimum civilized measures of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337,
347 (1981). The cruel and unusual punishment clause condemns only that punishment
which is "barbarous" or "shocking to the conscience," <u>Duggan v. Brooks</u>, 818 F.2d 513,
517 (6th Cir. 1987).  Furthermore, prison conditions that subject an inmate to
unnecessary and wanton infliction of pain must be "totally without penological
justification" in order to violate the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97,
103 (1976).

The Supreme Court reiterated the standards for evaluating prison conditions cases in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), stating that:

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, "sufficiently serious,"... a prison officials act or omission must result in the denial of "the minimal civilized measure of life's necessities,"... .  The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."... To violate the Cruel and Unusual Punishment Clause, a prison official must have a "sufficiently culpable state of mind."... In prison conditions cases, that state of mind is one of "deliberate indifference" to inmate health and safety.

> <u>Id</u>. at. 832.

The Court in <u>Farmer</u> stated that the standard of deliberate indifference can be equated with "criminal recklessness." <u>Id</u>. at 839.  Liability attaches only when "prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future heath."  <u>Id</u>. at 843 (internal citations omitted).

In the instant case, Plaintiff's claim that he injured his back while performing the duties of a porter does not amount to a sufficiently serious constitutional deprivation under the Eighth Amendment. Plaintiff has not alleged that any of the defendants had prior knowledge that he suffered a physical impairment that prohibited him from working as a porter.  Consequently, the decision to assign Plaintiff the job of housing unit porter was not an unreasonable requirement or expectation, given the institutional need to maintain proper standards of cleanliness throughout the prison. Plaintiff has not established that he had a sufficiently serious medical need under the first part of the <u>Farmer</u> analysis.

Plaintiff has also failed to allege that any of the defendants had a sufficiently culpable state of mind amounting to deliberate indifference. There is no indication that Defendant Snow, acting as a job classification director, knew of any medical condition that would prevent Plaintiff from performing the porter job.  Once Plaintiff sought a job reassignment after injuring his back, he only had to wait six days from the time of his classification interview before Defendant Snow until he received a different [law library] position (See ¶25 of Complaint).  The six day delay is certainly not an unreasonable delay, especially in the absence of a medical accommodation detail.

Similarly, the claims against Resident Unit Officers Ranck and Sanders fail to state a claim of deliberate indifference to a serious medical need.  Plaintiff failed to allege in his complaint that Defendants Ranck or Sanders had prior knowledge that he suffered from a disability that would prevent him from performing the porter job.  Plaintiff also fails to allege that he showed either defendant a medical detail limiting him to lighter duties as a result of his back condition.  As non-medical personnel at JMF, Defendants Ranck and Sanders would not have had authorization to access the contents of Plaintiff's confidential medical records.  Although Plaintiff suffered a back injury while working as a porter, he has failed to demonstrate that these defendants were deliberately indifferent to his physical limitations, or that their actions caused his injury.  Thus, Plaintiff has not established that Defendants Ranck or Sanders engaged in conduct that was deliberately indifferent to a serious medical condition[2].

---

[2]Plaintiff asserts a state law tort claim of intentional infliction of emotional distress.  Claims raising issues of state law are best left to a determination by the state courts, particularly in the area of prison administration.  See Smith v. Freeland, 954 F.2d 343, 348 (1992).

For all of the foregoing reasons, it is accordingly recommended that Defendants'
Motion for Summary Judgment be granted and the instant case dismissed. Given the
defects found in the complaint, Plaintiff's Motion for Enlargement of Time to submit a
reply to Defendants' Motion for Summary Judgment (Docket #18) should be denied.
The parties are advised that any objections to this Report and Recommendation must
be filed with the Court within ten (10) days after they are served with a copy, or further
appeal from Judge Hood's acceptance thereof is waived.


                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE
DATED:  August 24, 2006


_____

## CERTIFICATE OF SERVICE

        I hereby certify on August 24, 2006 that I electronically filed the foregoing paper
with the Clerk of the Court sending notification of such filing to all counsel registered
electronically.  I hereby certify that a copy of this paper was mailed to the following non-
registered ECF participants on August 24, 2006.  **Lorenzo Jones.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217