UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LORENZO JONES,**

       **Plaintiff,**                      Case No.     05-CV-73912-DT

v.                                           HONORABLE DENISE PAGE HOOD

**TERRY SANDERS, DWIGHT RANCK,
KENDALL SNOW and
SHERRY BURT,**

       **Defendants.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

      This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation dated August 24, 2006. Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation.

      The Magistrate Judge recommended that Defendants' July 21, 2006 Motion to Dismiss Plaintiff's Complaint be granted.

**II. STATEMENT OF FACTS**

      Plaintiff alleges that, while incarcerated at Southern Michigan Correctional Facility (JMF), he was required Plaintiff to work beyond his physical capabilities when he was assigned a housing unit porter job.  On May 11, 2004, Plaintiff received a work detail as a unit porter.  On May 15, 2004, Plaintiff wrote a letter to Classification Director, Defendant Snow, requesting removal from his work assignment due to this physical limitations. (Defs.' Mot. For Summ. J. at

1

1-2). On May 17, 2004, Plaintiff also wrote a letter to the prison Warden, Defendant Burt, explaining his medical condition, his inability to perform his work detail, and resulting conflicts with staff. (Compl. ¶27)

Plaintiff received a classification interview with Defendant Snow on May 25, 2004. However, while awaiting reclassification, Plaintiff alleges he was forced to work beyond his capabilities by Defendant Ranck, a corrections officer at JMF. On May 30, 2004, Defendant Ranck allegedly requested that Plaintiff climb a ladder to wash windows in the T.V. room. Although Plaintiff then informed Defendant Ranck of his physical inability to perform the task, due to his medical condition, Defendant Ranck insisted and threatened to "write up" Plaintiff. (Compl. ¶25, ¶32)

On this same date, May 30, 2004, Plaintiff also alleges that Defendant Sanders, another corrections officer at JMF, forced him to work beyond his means. Defendant Sanders found Plaintiff resting at a table in the game area. Defendant Sanders demanded that Plaintiff continue working, despite Plaintiff's explanation that he was tired due to this medical condition. When Plaintiff failed to comply with Defendant Sanders' orders, Defendant Sanders then allegedly told Plaintiff that he was"laid in" and to go to his cell. (Compl. ¶34)

On May 31, 2004, Plaintiff alleges Defendant Sanders then forced him to lift a bucket of water up a flight of stairs. Although Plaintiff explained that he was physically incapable of completing the task, Defendant Sanders insisted and threatened him with disciplinary action. Plaintiff alleges that Defendant Sanders was aware of his injuries from a past interaction in 2003. At that time, Plaintiff alleges he explained his injuries to Defendant Sanders, who responded with disbelief and retaliatory action (confiscating his T.V.) (Compl. ¶23, ¶33)

On May 31, 2004 Plaintiff filed a grievance, which was rejected through the Step III Level for containing multiple issues. Alleging that he injured his back while lifting the mop bucket, he requested a medical appointment. He received this appointment on June 2, 2004. Plaintiff also began his new work detail as a law clerk in the prison library on this date. (Defs.' Mot. For Summ. J. at 3-4)

### III.  STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Federal Rules of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Dave v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the property of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Markets, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3D 426, 429 (6th Cir. 2001).

**III. LAW & ANALYSIS**

The Court agrees with the Magistrate Judge that Defendant's July 21, 2006 Motion to Dismiss Plaintiff's Complaint should be GRANTED.  In Plaintiff's Objection to Magistrate's Report and Recommendation, Plaintiff admits that he has failed to state a claim against Defendants Sherry Burt and Dwight Ranck upon which relief could be granted.  However, Plaintiff has objected to the dismissal of his action against Defendants Kendall Snow and Terry Sanders.

Officials or employees of the Michigan Department of Corrections who are sued in their individual capacities "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v Fitzgerald*, 457 US 800, 818 (1982).  The Supreme Court has set forth a two-part test to determine whether qualified immunity should attach.  First, the court must decided whether, in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 121 (2001).  If there is no such violation, the inquiry ends here. In this case, Plaintiff fails to show that either Defendant violated any of his constitutional rights.  Therefore, both Defendants Snow and Sanders are entitled to dismissal based on qualified immunity.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court reiterated the standards for evaluating prison conditions by detailing two requirements for a Eighth Amendment violation.  The first requirement is that "the deprivation alleged must be, objectively, 'sufficiently serious,'".  Defendant Snow reassigned Plaintiff following an interview on May 25, 2004. After this interview, it only took six days for Plaintiff to begin his new position.  A delay

of six days for a work detail reclassification is not "sufficiently serious" to assert that Defendant Snow denied Plaintiff "the minimal civilized measure of life's necessities".  Therefore, Defendant Snows actions do not meet the first requirement of qualified immunity. *Farmer v. Brennan*, 511 U.S. 825 (1994)

"The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'  To violate the Cruel and Unusual Punishment Clause a prison official must have a 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 825 (1994).  Plaintiff alleges that Defendant Snow is required by MDOC policy to consider an inmate's medical history before placing him/her into a specific work assignment.  However, Plaintiff does not cite any policy that supports this assertion.  Defendants Snow's actions do not meet the second requirement as there is no indication that Defendant Snow knew of any medical condition preventing Plaintiff from performing the porter job. (Defs.' Rule 56(B) Motion for Summ. J. at 10-11, Ex. E).

Plaintiff also alleges that he discussed his injuries with Defendant Sanders in 2003. Plaintiff further asserts that Defendant Sanders accused him of lying about his injuries and took retaliatory action towards him.  However, Plaintiff never shows that Defendant Sanders knew that the extent of Plaintiff's injuries would prevent him from performing the porter job. Therefore, even if all of Plaintiff's claims are true, Defendant Sander's actions do not meet the second requirement of this violation as there is no indication that he was aware of Plaintiff's inability to perform the duties of his work detail.  (Defs.' Rule 56(B) Motion for Summ. J. at 10-11, Ex. E).  As Plaintiff fails to show that the actions of either Defendant meet the requirements of an Eighth Amendment violation, Plaintiff's "deliberate indifference" claim fails against both

Defendants.

As Plaintiff failed to state a claim upon which relief may be granted, this action is DISMISSED.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Donald A. Scheer **[Docket No. 20, filed August 24, 2006]** is ACCEPTED.

IT IS FURTHER ORDERED that Defendant Sanders, et al. Motion to Dismiss **[Docket No. 15-1, filed July 21, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is Dismissed with prejudice.

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: January 5, 2007